ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS LYNN CURRY,<br>Petitioner, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:11-CV-106-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus brought by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Thomas Lynn Curry, TDCJ # 01460716, is a state prisoner currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

By this action, petitioner challenges his September 13, 2007, conviction for delivery of a controlled substance in Case No. 1051060D in the 396th Judicial District Court of Tarrant County, Texas. (Pet. at 2) Petitioner appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment on December 18, 2008. *Curry v. Texas*, No. 2-07-359-CR (Tex. App.–Fort Worth) (not designated for publication). Petitioner filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was dismissed as untimely on April 8, 2009. *Curry v. Texas*, PDR No. 671-09. Petitioner did not seek state post-conviction habeas corpus relief. The instant federal petition for habeas corpus relief is deemed filed on February 16, 2011.[1] As ordered, respondent has filed a preliminary response addressing the issue of limitations. As of this date, petitioner has not filed a reply.

## D. Grounds

Petitioner challenges his 2007 conviction on five grounds. (Pet. at 7-8 & Pet'r Mem. at 2)

## E. Statute of Limitations

Respondent believes the petition is time barred under 28 U.S.C. § 2244(d). (Resp't Preliminary Resp. at 4-7) Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subsection (A), applicable to this case, the judgment of conviction became final upon expiration of the time that petitioner had for filing a timely petition for discretionary review in the Texas Court of Criminal appeals on Monday, January 19, 2009.[2] Thus, petitioner had one year, or until January 19, 2010, within which to file a timely federal petition, which he did not do. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner's petition filed on February 16, 2011, is therefore untimely.[3]

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time barred.

---

[2] Thirty days from December 18, 2008, fell on Saturday, January 17, 2009.

[3] Petitioner did not reply to respondent's preliminary response or otherwise assert a reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 6, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 6, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is

returned to the docket of the United States District Judge.

SIGNED May \_\_\_\_16\_\_\_\_, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE